UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-32 |
| | ) | (VARLAN/SHIRLEY) |
| JEREME DEAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the United States of America's Motion in Limine [Doc. 33] and United States of America's Motion to Exclude Testimony of Dr. Joseph J .Kennedy, M.D. [Doc 39]. The Court has considered the written motions and the oral arguments offered by both parties on December 2, 2008. The Court announced its rulings on these motions from the bench and further sets forth its reasons for its rulings now.

**I.     Analysis**

   **A.     Exclusion of Mr. Bennett's Testimony**

In its Motion in Limine [Doc. 33], the government seeks an order from the Court precluding defendant from introducing testimony regarding whether the test package allegedly embezzled by defendant was properly in the course of the mail. The government believes that the defendant may seek to introduce call Zebedee Bennett to opine that the test package was not properly placed in the mail. The government argues that such testimony is

not relevant, would only serve to confuse the issues, and would unduly delay and waste time at trial, and therefore, should be excluded under Federal Rule of Evidence 403.

Defendant orally responded arguing that Mr. Bennett's testimony is relevant because the government must show that the package at issue was "intended to be conveyed by mail." Defendant states that Mr. Bennett has over 35 years of experience working for the United States Postal Service ("U.S.P.S.") and currently is the Manager of Distribution Operations at the U.S.P.S. Richmond, Virginia Processing and Distribution Center. According to defendant, Mr. Bennett is regarded as an expert on the processing and distributing of mail and the employment and labor manual. Defendant states that Mr. Bennett reviewed the package at issue in this case and can testify to deficiencies in the labeling that suggest that it was not processed in the mail in the usual manner.

As more specifically laid out in the Report and Recommendation entered in this case [Doc. 29], which was adopted in whole by this Court [*see* Doc. 31], the standard for determining if an item was "intended to be conveyed by mail" is whether a reasonable person who saw the package would think it was a package that was intended to be delivered. *See United States v. Rupert*, 510 F. Supp. 821, 823 (M.D. Penn. 1981); *see also Goode v. United States*, 159 U.S. 663, 671 (1985). As long as this requirement is met, it does not matter if the package was actually a decoy package. *See United States v. Kent*, 449 F.2d 751, 752 (5th Cir. 1971). "There can be no doubt that [packages] 'intended to be conveyed by mail' include decoy [packages] to fictitious addressees placed in the postal process without having been

2

deposited in the usual manner. . . . [T]he phrase 'intended to be conveyed by mail' includes all matter placed in any part of the mail handling process." *Id.*

Accordingly, the Court finds that it is irrelevant whether the package was a decoy or not placed in the mail in the usual manner and Mr. Bennett will not be allowed to testify as to these issues. The relevant question, and the question upon which the Court will permit Mr. Bennett to testify subject to proper qualification and subject to objection at trial based upon relevancy or other grounds, is whether a reasonable person would think that the package was intended to be delivered.

### B. Exclusion of Dr. Kennedy's Testimony

In its Motion to Exclude Testimony of Dr. Joseph J .Kennedy, M.D. [Doc 39], the government seeks an order from the Court precluding Dr. Joseph J. Kennedy, M.D. from giving opinion testimony regarding defendant's ability to form the intent necessary to commit the crime charged in this case. The government argues that the testimony should be excluded because defendant did not timely give notice of his intent to present such opinion evidence and he never provided the government with a written summary of Dr. Kennedy's intended testimony, as required by Federal Rules of Criminal Procedure 12.2(b) and 16(b)(1)(C). Additionally, the government argues for exclusion on the grounds that any testimony offered by Dr. Kennedy would be unreliable because Dr. Kennedy was not treating defendant on the date of the offense and Dr. Kennedy's opinions may be based entirely on facts provided to him by defendant after defendant was "caught in the act."

Defendant responded orally arguing that he gave the government notice of defendant's intent to call Dr. Kennedy as an opinion witness last week. Defendant's counsel also suggested that he provided the government with a written summary of Dr. Kennedy's intended testimony by facsimile dated November 26, 2008. Defendant argues that Dr. Kennedy's testimony is relevant because he determined that defendant was under the influence of drugs which could have affected his thinking, reasoning, vulnerability and susceptibility.

Pursuant to Federal Rule of Criminal Procedure 12.2(b), defendant must give notice if he intends to introduce expert or opinion testimony regarding his mental condition within the time permitted for filing any pretrial motions unless the Court sets a later deadline. The Court notes that it has not set a later deadline for notice and the last deadline for filing any pretrial motions expired on June 20, 2008. [*See* Doc. 21.] The earliest that the record indicates that defendant disclosed his intent to use Dr. Kennedy is November 21, 2008. [*See* Docs. 39; 39-2.] Neither party argues that notice was given at any point prior to this date. Accordingly, the Court finds that the notice was not timely. Additionally, the Court has reviewed the facsimile dated November 26, 2008, which defendant offers is a summary of Dr. Kennedy's testimony, and determines that it does not comply with the requirements of Federal Rule of Criminal Procedure 16(b)(1)(C), as it does not adequately describe Dr. Kennedy's opinions and the bases and reasons for any opinions. Thus, the Court will not permit Dr. Kennedy to testify as an opinion witness regarding defendant's ability to form the mental intent required to commit the crime charged.

## II. Conclusion

For the reasons discussed herein and from the bench, the United States of America's Motion in Limine [Doc. 33] is **GRANTED** to the extent that Mr. Bennett will not be allowed to testify that the package was a decoy or otherwise not properly placed in the course of the mail. Additionally, United States of America's Motion to Exclude Testimony of Dr. Joseph J .Kennedy, M.D. [Doc 39] is **GRANTED** to the extent that it will not permit Dr. Kennedy to give opinion testimony regarding defendant's mental state and his ability to form the intent to commit the crime charged.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE